NUÑEZ *v.* SOTO NUSSA, DISTRICT JUDGE.

APPLICATION for the Writ of *Certiorari.*

No. 40.—Decided March 20, 1908.

JURISDICTION—CONTEMPT.—Where a court is without jurisdiction to make an order, an order made thereby is null and void and a party refusing to obey the same is not in contempt and cannot be punished therefor.

CERTIORARI—ORDINARY REMEDY.—The existence of an ordinary remedy is not sufficient to bar a *certiorari,* unless it is adequate to meet the necessities of the case—that is to say, equally beneficial, speedy and sufficient to relieve the petitioner from the injurious effects of the order or decision assailed.

ID.—JURISDICTION EXCEEDED.—The writ of *certiorari* will be granted when the court below has exceeded its jurisdiction in rendering the judgment or decision assailed, or to avoid a flagrant miscarriage of justice by reason of errors of procedure.

CONTRACT—HIRING OF SERVICES—INJUNCTION.—It is a general rule, deducible from the decisions of the courts of last resort, that a contract for personal services cannot be specifically enforced directly, by a decree of the court, nor indirectly, by an injunction restraining the employee from leaving the services of his employer, in the absence of a negative stipulation not to perform services for another during the period of employment.

ID.—THE RIGHTS OF EMPLOYER AND EMPLOYE.—The rights of an employe to quit the service of his employer rests upon the same basis as the right of his employer to discharge him from further personal service. If the quitting in the one case or the discharging in the other is a violation of a contract between the parties, the party injured by the breach of the contract has an action for damages.

ID.—In the case at bar, an injunction was granted ordering the defendant to abstain from violating a contract for the hiring of services entered into with a certain theatrical company, which is the petitioner herein, and likewise to abstain from forming part, representing, or singing, and in general from

rendering professional services in any other theatrical company in this Island. *Held:* That an injunction will not issue to restrain a defendant from violating a contract of this character, and therefore that the writ of injunction was granted herein without jurisdiction and is null and void, as also the order punishing the defendant for contempt in refusing to obey said restraining order.

The facts are stated in the opinion.

*Messrs. Diaz, Coll & Feliu* for petitioner.

Mr. Justice MacLeary delivered the opinion of the court.

This is an application made by Mrs. Laura Nuñez, a professional singer, against the Judge of the District Court of Mayagüez, for a writ of *certiorari* commanding him to send up the record in a case pending in said court, wherein Enrique Zimmerman, as manager of the artistic society *"Empresa Teatral"* is plaintiff, and the said Laura Nuñez is defendant, and in which a preliminary injunction had been issued and alleged to have been violated, and the petitioner, Mrs. Nuñez fined $300, and committed to jail for 60 days for contempt of court, in violating said injunction.

The application for the writ of *certiorari* was made in this court on the 6th day of February, 1908, and the writ duly issued and returned, and the case set down for hearing and heard on the 13th of the same month following. Since that date it has been under careful consideration by all the justices thereof.

The first question which arises is: Does the writ of *certiorari* lie in such a case as the one at bar? It appears to me clearly that it does, if for no other reason, for the want of jurisdiction to issue the preliminary injunction in the first place, and consequently to impose the fine for contempt, in the second. If the court had no jurisdiction to issue the preliminary writ of injunction, it could have none to impose a fine for disobeying the order. Without jurisdiction the restraining order or preliminary injunction was null and void, and of course was without effect, and, such disobedience being no contempt of court, no one could be punished for disobeying

it. In the Méndez case, decided by this court on the 21st of December last, we discussed to some extent the general principles of law governing writs of *certiorari*, and adopted the rule announced by the Supreme Court of Missouri in the learned opinion delivered by Mr. Justice Sherwood, in June, 1900, and found reported in 50 L. R. A., 794. It is as follows:

"A remedy by appeal or writ of error is not sufficient to bar a *certiorari,* unless it is adequate to meet the necessities of the case; that is to say, equally beneficial, speedy and sufficient; not merely a remedy which at some time in the future will bring about a reversal of the judgment complained of, but a remedy which will promptly releive the petitioner from the injurious effects of that judgment and the acts of the inferior court or tribunal."

In the case at bar it is clear, from a mere inspection of the record, that, even if an appeal would lie, it would be a very inadequate and tardy remedy, and that the petitioner should not be required to go to trial and incur the expenses and delays of a long litigation finally to reverse the whole proceedings in the appellate court in the regular course of an appeal. We further say, in the Méndez case:

"The writ of *certiorari* will always be granted and the judgment of the court below revised, when the court has exceeded its jurisdiction in rendering the judgment or decision of the court, and there is no other plain, speedy and adequate remedy, or to prevent the flagrant miscarriage of justice, by reason of errors of procedure."

The present case clearly falls under this principle announced by us in December last. Let us examine a little more at length the question of jurisdiction, and ascertain whether or not the district court exceeded its jurisdiction in the case wherein the preliminary writ of injunction was issued. It has been said that perhaps the obligation of the defendant, Mrs. Nuñez, falls under sections 1065 and 1066 of the Civil Code of Porto Rico. We cannot see that these sections have any application to this case. The court cannot order some other person to sing in the farces the part for which Mrs.

Nuñez had been cast, either at her expense or at the expense of any other person. In fact, the obligation imposed on Mrs. Nuñez by the contract, conceding for the time being that such contract existed, is not such a one as can be enforced specifically under the laws of Porto Rico, and the only remedy which Zimmerman and others would have against Mrs. Nuñez would be an action for damages occasioned by the breach of the contract, if any such breach can be shown. Under our injunction laws:

"An injunction cannot be granted to prevent the breach of a contract, the performance of which could not be specifically enforced." (Sessions Acts, 1906, p. 87.)

It is a general rule, deducible from the decisions of the various courts of last resort in the several States of the American Union, that a contract for personal services cannot be specifically enforced directly by a decree of a court, nor can this be done indirectly by an injunction restraining the employe from leaving the services of his employer, in the absence of a negative stipulation not to perform services for another during the period of employment. It is said to be a rule without exception that equity will not compel the actual affirmative performance by an employe of merely personal services, any more than it will compel an employer to retain in his personal service a person who from any cause whatever is not acceptable to him for the performance of services of that character. And the right of an employe engaged to perform personal services to quit the service of his employer rests upon the same basis as the right of his employer to discharge him from further personal service. If the quitting in the one case, or the discharging in the other, is in violation of the contract between the parties, whatever party is injured by the breach of the contract has his action for damages, and this is his appropriate remedy. A court of equity will not indirectly or negatively, by means of an injunction restraining the violation of a contract, compel the performance from day to

day by the employe of his engagement, or the affirmative acceptance by the employer of merely personal services to be rendered by an employe. Relief of that character has always been regarded as impracticable, and consequently beyond the scope of equitable jurisdiction. (See note to *Philadelphia Ball Club* v. *Lajoie*, 90 Am. State Repts., p. 646.)

We believe the principles above set forth to be in every particular applicable to the case at bar, inasmuch as the performance of the contract alleged to have been made by Mrs. Nuñez with Enrique Zimmerman cannot be specifically enforced and, under the injunction law of Porto Rico heretofore cited, an injunction cannot be granted to prevent the breach of such a contract. Therefore, the issuance of the preliminary injunction or restraining order, by the District Court of Mayagüez on the 21st of January last, and the perpetuation of the injunction on the 28th of the same month, were beyond the jurisdiction of the said court, and consequently void. It follows, as night does to day, that the order of the 3d of February last finding the defendant in that case, Laura Nuñez, guilty of a contempt of court for violating the preliminary injunction, and imposing a fine upon her of $300 and costs, and in default of payment of the fine condemning her to suffer two months' imprisonment in the district jail, was also a nullity; and that the District Court of Mayagüez exceeded its jurisdiction in making each and all of the said orders.

As we have heretofore said, the transgression of its jurisdiction by a court is one of the most common grounds for relief by *certiorari*, and to prevent a gross injustice being done to the applicant, the orders herein referred to should be annulled and set aside, and the applicant freed from her bonds given in the case referred to, and from all liability for contempt of the court making the ineffective orders.

*Accordingly decided.*

Chief Justice Quiñones and Justices Hernandez and Figueras concurred.